## STOKES vs. McLENDON.

The bill in this case is meagre and deficient in its allegations, and no reason is shown why a court of law has not jurisdiction, or why the remedy at law is not as complete and adequate as in equity. Judgment affirmed.

October 2, 1884.

BLANDFORD, Justice.

[Gilbert M. Stokes filed his bill against Mrs. N. A. E. McLendon, alleging, in brief, as follows: On January 22, 1884, he purchased from Martin McLendon and his wife, the defendant, certain described land, and in payment therefor cancelled an indebtedness which he held against Martin McLendon. The latter had been in possession of the land for thirty years and had the " paramount title " thereto. Before the purchase, McLendon " had and claimed a pretended homestead on and to said lands, as set apart by the ordinary of said county on account of the same;" and therefore complainant took a deed, signed by both McLendon and his wife, and approved by the ordinary. After this, complainant sold the property to McLendon and his wife, the defendant, for $1,275.00, payable in five annual installments, and gave them a bond for title, and took their notes for the purchase money. McLendon and his wife remained in possession until 1879, when McLendon surrendered the bond and complainant gave up the notes to him. Across the face of the bond was endorsed, " Cancelled, (signed) Martin McLendon." Complainant is advised and believes that this was done with the consent of defendant. After this, complainant rented a part of the land to McLendon and a part to his son ; and this was with the consent of defendant, as complainant is advised and believes. This continued until the death of McLendon in 1881. His estate is not represented, and there is no need therefor. He left no minor children and none at all by defendant. Defendant had no separate estate, and

never had any; she knew of the surrender of the bond for title. After the death of McLendon, complainant sought to dispossess defendant as a tenant holding over, but she filed a counter-affidavit and bond, and is proceeding to contest the claim, on the ground that she does not and never did hold under him as a tenant, and claiming that she had an interest in the bond. The land is not worth the amount of the purchase money notes, and defendant is insolvent. The prayer was to have the bond cancelled, as to defendant, to recover the land and rent since the death of McLendon, or, in default of this, to obtain a decree for the purchase money, for a receiver and for subpœna.

By amendment, it was alleged that the debt due complainant, which formed the consideration of the deed to him, was for provisions and supplies furnished to the beneficiaries of the homestead and necessary for their use.

Defendant demurred to this bill, on the ground that there was no equity in it, and that there was a complete remedy at law. The demurrer was sustained, and complainant excepted.]